[Cite as *State v. Brown*, 2026-Ohio-1807.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0077 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| LEONEL L. BROWN, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00324 |

## OPINION AND JUDGMENT ENTRY

Decided: May 18, 2026
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Appellant, Leonel L. Brown, appeals his judgment of conviction from the Trumbull County Court of Common Pleas, following a jury trial, on one count of Menacing by Stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1) and (B)(2)(d). Appellant argues that the trial court permitted the introduction of hearsay evidence in violation of his rights under the Confrontation Clause of the United States Constitution. Finding no reversible error, we affirm the trial court's judgment.

{¶2} On May 30, 2024, appellant was indicted on one count of Menacing by Stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1) and (B)(2)(d) ("Count

One"), and one count of Menacing by Stalking, a fourth-degree felony in violation of R.C. 2903.211(A)(1) and (B)(2)(c) ("Count Two"). Appellant pleaded not guilty and not guilty by reason of insanity. Following a court-ordered forensic examination and hearing, the trial court found appellant competent to stand trial.

{¶3} On July 14, 2025, the trial court entered a nolle prosequi on Count Two, and the matter proceeded to jury trial on Count One. The jury returned a guilty verdict and found that the victim was a minor at the time of the offense. On October 8, 2025, following a presentence evaluation, the trial court sentenced appellant to serve five years of community control with specific sanctions and conditions.

{¶4} Appellant timely appealed and asserts one assignment of error:

Appellant was deprived of his right to confront a witness when the trial court allowed hearsay statements to be admitted during the trial over objection of defense counsel.

{¶5} Appellant argues that the trial court erred in permitting the victim, a young Wal-Mart cashier, to testify about statements made by her manager to appellant, because these statements were inadmissible hearsay and violated his Sixth Amendment right to confrontation. Appellant contends that admission of this testimony was not harmless because it establishes that appellant had engaged in a pattern of conduct and that the victim was a minor, which are elements of the offense of Menacing by Stalking under R.C. 2903.211(A)(1) and (B)(2)(d). The State counters by raising issues of waiver, the non-testimonial and non-hearsay nature of the statements, and harmless error.

{¶6} At trial, the victim recounted that she was familiar with appellant, having seen him shopping in the store several times. The victim also testified as to her age and that she had told appellant she was a minor. On an unspecified date, prior to the

altercation that led to appellant's September 20, 2023 arrest, the victim saw appellant get into her check-out line and felt uneasy about encountering him. The victim was permitted to testify, over objection, that her manager told appellant that the victim was a minor and to leave her alone and leave. Appellant complains about the following segment of the victim's testimony:

Q: What did you do?

A: I left my register, got my manager and told them about what happened and the situation and how I'm very uncomfortable and I didn't know what to do.

Q: Okay.

A: So at that point, they made it a point every single time he would try and come to my line that I would change with somebody else. And they did do that every time. But slowly, his wardrobe started to change.

Q: Tell me about that.

A: So first, he would just come in with jeans and a shirt. And then he would start coming in with suits on. And I thought it was kind of weird, but I don't know.
     And then this other instance, this is a different time, I'll say like a week or two after, umm, he gets in my line again. I notice him. I don't make it a scene or anything. I said, "I'll be right back," where – "I'm going to get somebody," just briefly to the customer before him so he wouldn't think anything of it.

Q: Uh-huh.

A: So I left the register and I got my manager and they interchanged with me. And I went over to the self-checkout, which is a couple lanes down from mine, and I was standing there talking to the girls and trying to act like I was doing something.
     And when he left, after he got checked out, he came up to me and was – started talking to me. Saying, "Hey, can I get your number? You're very pretty." And just little things like that.
     And then I said nothing. And – because I looked at my manager. And my manager, she said, "She's a minor."

. . .

[DEFENSE COUNSEL]:  Hearsay.  Objection, hearsay.

[PROSECUTOR]:  Your Honor, may we approach?

THE COURT:  You may.  Sidebar.

(Sidebar)

[PROSECUTOR]:  It is not hearsay if it's just being offered; not to prove the truth of the matter.

THE COURT:  Right.

[PROSECUTOR]:  The statement was actually said that he was told she was a minor and that he was told to stay away from her.
    That is State vs. Morrow.  It's Ohio Supreme Court 15 Ohio St.3d 239 at page 262.
        . . .
    Because she has already said she said it.  This is just to create the setting, what was said, just that the statement was said.

[DEFENSE COUNSEL]:  . . .
    I think it is for the truth of the matter because essentially, it is an element of the offense and that manager is not here.  Why isn't it good enough that she said she told him?

THE COURT:  Okay.  I'm going to overrule it.  And let's allow her to do it.

[DEFENSE COUNSEL]:  Okay.

THE COURT:  But not very far.

[PROSECUTOR]:  Right.

(Open Court)

Q:  Okay, so, [Victim], you were present when the manager was talking to the Defendant, correct?

A:  Yes.

Q:  And which manager was this?

A:  Abby.

Case No. 2025-T-0077

Q: Abby. And what did the manager tell the Defendant?

A: To leave me alone and to leave.

{¶7} Initially, we reject the State's position that appellant has forfeited all but plain error review of his Confrontation Clause argument. While defense counsel did not specifically state the objection was on the grounds of the Confrontation Clause, counsel clearly took issue with the fact that the manager, "Abby," was not called to testify, thereby preventing cross-examination. Nonetheless, the outcome on appeal would be the same, as Confrontation Clause issues are subject to review for harmless error. *See State v. Miller*, 2020-Ohio-3854, ¶ 34, 42 (11th Dist.); *State v Edwards*, 2013-Ohio-1290, ¶ 27 (11th Dist.), citing *State v. Conway*, 2006-Ohio-791, ¶ 78.

{¶8} The Confrontation Clause of the Sixth Amendment to the United States Constitution, which is binding on the states through the Fourteenth Amendment, guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Article I, Section 10 of the Ohio Constitution guarantees that "[i]n any trial, in any court, the party accused shall be allowed . . . to meet the witnesses face to face . . . ." While these constitutional provisions are not identical, "'the Ohio Constitution provides no greater right of confrontation than the Sixth Amendment.'" *State v. Arnold*, 2010-Ohio-2742, ¶ 12, quoting *State v. Self*, 56 Ohio St.3d 73, 79 (1990).

{¶9} Appellant relies on *Ohio v. Clark*, 576 U.S. 237 (2015), which discussed *Crawford v. Washington*, 541 U.S. 36 (2004), in support of his argument that the victim's testimony violated the Confrontation Clause of the Sixth Amendment. "In *Crawford*, the Supreme Court held that the admission of testimonial statements made by a witness who

Case No. 2025-T-0077

did not appear at trial violates the Confrontation Clause, unless the witness 'was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *State v. Ford*, 2019-Ohio-4539, ¶ 214, quoting *Crawford* at 53-54. "Only testimonial hearsay implicates the Confrontation Clause." *Id*., citing *Crawford* at 59, fn. 9. Thus, where the testimony at issue is not offered to prove the truth of the matter asserted, it is not hearsay and does not violate a defendant's right to confront witnesses. *See State v. Addicott*, 2025-Ohio-1785, ¶ 42 (11th Dist.), citing *State v. Ricks* at 2013-Ohio-3712, ¶ 20, citing *State v. Thomas*, 61 Ohio St.2d 223, 232 (1980).

{¶10} "*Crawford* did not define the word 'testimonial' but stated generally that the core class of statements implicated by the Confrontation Clause includes statements 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *State v. Maxwell*, 2014-Ohio-1019, ¶ 35, quoting *Crawford* at 52; *see also State v. Metter*, 2013-Ohio-2039, ¶ 35 (11th Dist.), quoting *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004) ("The proper inquiry for determining the testimonial nature of a statement is 'whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime.'"). "[L]ater decisions seem to explain the meaning of the word by stating that testimonial statements are those made for 'a primary purpose of creating an out-of-court substitute for trial testimony.'" *Maxwell* at ¶ 40, quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011). "If a statement's primary purpose is anything else, the statement is nontestimonial. Its admissibility is 'the concern of state and federal rules of evidence, not the Confrontation Clause." *Id*., quoting *Bryant* at 359.

Case No. 2025-T-0077

{¶11}   We agree with the State on this point; to wit: the victim's testimony at issue is nontestimonial.   Objectively, there is no indication that the primary purpose of the manager's statements to appellant was to create an out-of-court substitute for trial testimony.   The statements were not received or recorded during an interview or interrogation by law enforcement, and they were made prior to the date of appellant's arrest.   The manager told appellant that the victim was a minor and to leave her alone and leave the store for the primary purpose of encouraging appellant to discontinue his behavior and leave the premises.   Accordingly, the testimony is not testimonial and does not implicate the Confrontation Clause of the Sixth Amendment.

{¶12}   Moreover, the testimony at issue is not hearsay, by definition, as it was offered merely to prove that the statements were made and not for their truth.   *See* Evid.R. 801(C) (defining "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement").   In other words, the victim's testimony that the manager told appellant that she was a minor and to leave her alone and leave the store was not offered to prove the victim's age, but to show that appellant had engaged in a pattern of conduct despite the manager telling him to discontinue his behavior and leave the premises.

{¶13}   Finally, even if the testimony at issue did violate the Confrontation Clause, its admission was harmless beyond a reasonable doubt.   "A constitutional error can be held harmless if we determine that it was harmless beyond a reasonable doubt.   Whether a Sixth Amendment error was harmless beyond a reasonable doubt is not simply an inquiry into the sufficiency of the remaining evidence.   Instead, the question is whether there is a reasonable possibility that the evidence complained of might have contributed

Case No. 2025-T-0077

to the conviction." (Internal citation omitted.) *Conway*, 2006-Ohio-791, at ¶ 78; *accord Miller*, 2020-Ohio-3854, at ¶ 42 (11th Dist.). Here, admission of the manager's statements to appellant was cumulative and corroborative of ample other testimony that established both the victim's age and that appellant had engaged in a pattern of behavior. The question of appellant's guilt is not close in this case.

{¶14} Appellant was not deprived of his right to confront a witness at trial, the trial court did not allow hearsay statements to be admitted during trial over the objection of defense counsel, and even assuming error, it was harmless beyond a reasonable doubt. Thus, we conclude that appellant's sole assignment of error is without merit.

{¶15} The judgment of the Trumbull County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0077

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE MATT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0077